UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.J., a minor, by and through his parents, G.J. and J.J., <br><br>Plaintiff,<br><br>v.<br><br>FRESNO COUNTY, DR. GARY D. ZOMALT, in his official capacity as the Director of the FRESNO COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, and CLOVIS UNIFIED SCHOOL DISTRICT,<br><br>Defendants. | 1:05-CV-00927 OWW LJO<br><br>ORDER GRANTING DEFENDANT CLOVIS UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS (DOC. 17) |

## I. INTRODUCTION

Plaintiff, a minor with special education needs, seeks a declaratory judgment that Defendant Clovis Unified School District ("CUSD") breached a settlement agreement Plaintiff and CUSD entered into in the course of a special education due process proceeding, conducted pursuant to the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.* (Doc. 10, First Am. Compl., filed Aug. 30, 2005.) The Defendant moves to dismiss on the grounds that (1) the Defendant,

1

as a political subdivision of the State of California, is immune from suit in federal court under the Eleventh Amendment, (2) the court lacks subject-matter jurisdiction, and (3) the Plaintiff has failed to state a cause of action for declaratory relief. (Doc. 17, filed Sept. 27, 2005.)  Plaintiff opposes.  (Doc. 20, filed Oct. 13, 2005.)

## II.  **BACKGROUND AND PROCEDURAL HISTORY**

M.J. resides in the Clovis Unified School District ("CUSD") within Fresno County.  In or around 1999, a CUSD psychologist assessed M.J. as "autistic-like," which qualified M.J. for special education services under the IDEA and California special education laws.  (Doc. 10 at ¶¶ 9-11.)  The First Amended Complaint ("FAC") alleges a long series of failures on the part of both CUSD and the Fresno County Department of Children and Family Services ("the Department"), to which he was referred for therapy, to provide M.J. with the help he needed to benefit from his education, given his often severe behavior problems.  (Doc. 10.)  The FAC alleges that these failures violate both state and federal law.  (*Id*.)

The FAC further alleges that M.J.'s parents pursued a due process proceeding against both the Department and CUSD before the California Special Education Hearing Office on January 27, 2005.  Plaintiff entered into a settlement agreement with CUSD on the first day of the hearing, and CUSD was dismissed as a defendant.  (*Id*. at ¶32.)  The Hearing Officer subsequently ruled against the Department, finding that it failed to comply with the IDEA.  Unsatisfied with the relief ordered by the Hearing

**2**

Officer, Plaintiff, through his parents, sought review of the decision in this court. Subsequently, in late December 2005, Plaintiff reached a settlement with the Department, and the Department, together with Fresno County and Dr. Zomalt, were dismissed from this suit. (*See* Doc. 28, filed Dec. 20, 2005.)

Count Five is the only claim that remains. It seeks a declaratory judgment pursuant to Title 28, Section 2201, of the United States Code, that CUSD has violated the terms of the settlement agreement with Plaintiff. Plaintiff complains that the agreement required CUSD to provide a range of services to M.J. to address his disability, but that CUSD has not done provided the agreed-upon services. (*See* Doc. 10 at ¶¶ 75-88.)

### III.  **ANALYSIS**

#### A.  **Subject Matter Jurisdiction**

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a case to "arise under" federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004) (*citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)). It is Plaintiff's burden to establish the basis for subject matter jurisdiction. *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the

case is properly in federal court.").

Here, Plaintiff's only remaining claim seeks a declaration that CUSD has breached their settlement agreement. Plaintiff suggests that this claim arises under the IDEA, 20 U.S.C. § 1415, but Defendants correctly point out that Plaintiffs have not pled a claim directly under the IDEA against CUSD. Rather, the settlement agreement was formed during the course of a state administrative hearing.

An alternative basis for jurisdiction over the remaining claim is the federal Declaratory Judgment Act. But, the federal declaratory-judgment statute, 28 U.S.C. § 2201, does not provide an independent basis for federal subject-matter jurisdiction. *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir 2005); *see also* 10B Fed. Prac. & Pro. §§ 2751 & n.6, 2766 & n.2 (underlying claims and applicable law determine jurisdiction in a declaratory relief action). Without jurisdiction over the subject matter of Plaintiff's contract claim, declaratory relief is unavailable.

CUSD argues that the underlying claim here is one for enforcement of the terms of a settlement agreement, citing *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994), which held that enforcement of a settlement agreement "is for state courts, unless there is some independent basis for federal jurisdiction." *Id*. at 382. There is no independent basis for federal jurisdiction over the settlement agreement between Plaintiff and CUSD.

Plaintiff argues, however, that even if the court lacks an independent jurisdictional basis to grant the declaratory relief

**4**

sought, the court can exercise supplemental jurisdiction over the remaining claim.  (Doc. 20 at 5.)  The FAC alleged that both Fresno County and the Department violated federal statutes, allegations over which the court would have had subject-matter jurisdiction.  However, those claims have been dismissed.  A district court may, in its discretion, decline to exercise supplemental jurisdiction over state law claims when all remaining federal claims have been dismissed.  *See* 28 U.S.C. § 1367(c)(3).  It is appropriate to decline Supplemental jurisdiction under § 1367(c)(3) when it serves objectives of economy, convenience and fairness to the parties, and comity.  *Trustees of Construction Industry and Laborers Health, et al. v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (citation omitted).  Among other considerations, "[n]eedless decisions of state law should be avoided."  *Id.*

*Kokkonen* provides guidance.  There, Kokkonen filed suit in state court against an insurance company for terminating his general agency agreement.  The defendant removed the case to federal court on the basis of diversity jurisdiction.  *Id*. at 376.  The case was resolved by a settlement agreement, but the agreement did not provide that the district court retain enforcement jurisdiction.  *Id*. at 376.  Later, the parties disagreed over the scope of certain obligations created by the settlement agreement.  Kokkonen moved in the district court to enforce the agreement's terms.  The Defendant objected on jurisdictional grounds.  The Supreme Court examined whether it was appropriate for the district court to exercise ancillary jurisdiction, a doctrine that "recognizes federal courts'

**5**

jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." Generally ancillary jurisdiction is asserted "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 379-80 (citations omitted). Although the judicially created doctrine of ancillary jurisdiction is not exactly parallel to the statutory factors to be considered in deciding whether to exercise supplemental jurisdiction, the Supreme Court's reasoning is instructive. Applying the two ancillary jurisdiction factors, the Court reasoned that "the facts underlying [the] dismissed claim for breach of [the] agency agreement and those underlying [the] claim for breach of the settlement agreement have nothing to do with each other; it would neither be necessary nor particularly efficient that they be adjudicated together." *Id*. at 380.

Plaintiff suggests that there <u>are</u> practical considerations here that warrant departure from *Kokkonen's* reasoning. Essentially, Plaintiff maintains that forcing his declaratory judgment action back to state court would needlessly complicate the course of the litigation:

> If, as CUSD suggests, Plaintiff's action may only be maintained in state court, then Plaintiff will be forced to file a state court action declaring CUSD's consideration under the Settlement Agreement forfeit[]. If Plaintiff is successful, then Plaintiff will be forced to take two parallel routes[:] (1) to refile a due process [state administrative] proceeding against

**6**

          CUSD in order to demonstrate that CUSD violated the IDEA and to obtain an order requiring CUSD to provide services since it refuses to do so in accordance with the Settlement Agreement; and (2) to refile a discrimination claim in this [c]ourt for the violations of law by FRESNO COUNTY which CUSD is rightfully held liable for under the IDEA and Section 504.

(Doc. 20 at 4.)

Plaintiff's argument has some practical merit. It might be more efficient for the claim to enforce the settlement agreement to remain in federal court if, at the end of the day, Plaintiff has to return to federal court to ultimately adjudicate his rights under the DEA. However, the IDEA's statutory scheme is set up to give the state administrative system the first chance to correct any mistakes in administration of federally funded programs for special needs students. *See Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1303 (9th Cir. 1992)("Exhaustion of the administrative process [in IDEA cases] allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children.").

The settlement agreement between Plaintiffs and CUSD dismissed CUSD as a defendant from the state due process administrative hearing <u>before that hearing was completed</u>. As Defendant correctly points out, even if the settlement agreement is nullified, Plaintiff would not be eligible to directly return to federal court. First, Plaintiff would be required to exhaust

**7**

his administrative remedies against CUSD.[1]  *See id.; see also* 20 U.S.C. § 1415(f).  The existence of this exhaustion requirement in connection with the "traditionally strong state and local interest in education, as reflected in the statute's emphasis on state and local responsibility," *Hoeft*, 967 F.2d at 1302, counsel against the exercise of supplemental jurisdiction over Plaintiff's federal declaratory relief claim.

### B.   Eleventh Amendment Immunity

As an alternative ground for dismissal, CUSD maintains that the remaining claim in this case must be dismissed because it is immune from suit under the Eleventh Amendment to the United States Constitution.  Plaintiff responds that the State of California waived its Eleventh Amendment immunity to suits under IDEA because the State accepted federal funds for purposes of special education.  *See* 20 U.S.C. § 1403(a)("A State shall not be immune under the 11th amendment to the Constitution of the United States from suit in Federal court for a violation of this chapter.").  However, Plaintiff has not named CUSD as a defendant in an IDEA claim.  The waiver set forth in § 1403(a) is inapplicable.

---

[1]  Plaintiff also suggests that he "will simply need to amend his action in federal court in order to allege a discrimination claim against CUSD for the violations of law by Fresno county which CUSD is rightfully held liable for under the IDEA and Section 504." (Doc. 20 at 4.)  But, Plaintiffs offer no authority to support the proposition that any such claim would be exempt from the exhaustion requirements.

**8**

**C.   Request for Leave to Amend to Allege a "Stay Put" Claim**.

Plaintiff requests leave to amend his complaint to assert a Motion to Stay Put, pursuant to 20 U.S.C. § 1415(j).

> As a result of a present dispute with CUSD as to Plaintiff's appropriate placement, Plaintiff intends to avail himself of the right to file a Motion to Stay Put pursuant to 20 U.S.C. § 1415(j). Section 1415(j) provides for original jurisdiction over a proceeding seeking a "stay put" order. *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002); *Cole v. Metro Gov't of Nashville*, 954 F. Supp. 1214 (M.D. Tenn. 1997).
>
> Plaintiff's request for a stay put order relates to his declaratory relief action because the "stay put" placement contained in the Settlement Agreement is inappropriate given the contention that CUSD has forfeited its benefits under the Settlement Agreement. As a result, this Court has jurisdiction, either through original or supplemental jurisdiction, over the declaratory relief action in addition to the Motion to Stay Put, for which the Court has original jurisdiction.

(Doc. 20 at 2.)

The stay put provision provides:

> Except as provided in subsection (k)(4) of this section, <u>during the pendency of any proceedings conducted pursuant to this section</u>, unless the State or local educational agency and the parents otherwise agree, <u>the child shall remain in the then- current educational placement of the child</u>, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j).

//
//
//
//
//

CUSD suggests that it would be futile for Plaintiff to bring a stay put claim.[2] Specifically CUSD argues:

> The cases that plaintiff cites [in support of bringing a stay put claim] deal with jurisdiction over stand alone, emergency requests for stay put during the course of an administrative proceeding. *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002); *Cole v. Metropolitan Government of Nashville*, 954 F. Supp.1214 (M.D. Tenn. 1997). They do not address the situation here, where the plaintiff has filed an ordinary civil complaint seeking an interpretation of a contract between the parties independent of any administrative proceeding.
>
> <u>In the cases cited by plaintiff, limited jurisdiction was conferred to hear a motion for stay put because (1) the claim was brought directly to enforce an IDEA right, and (2) exhaustion of administrative remedies would be inadequate because the right being asserted was to a determination of placement during the course of the administrative proceeding itself.</u> However, in the Cole case upon which plaintiff relies, the court made clear that a petition for stay put is only a

---

[2] The amendment of pleadings is governed by Federal Rule of Civil Procedure 15(a), which provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading <u>only by leave of court or by written consent of the adverse party</u>; and leave shall be freely given when justice so requires....

Leave to amend should be "freely given," "[i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, <u>futility of amendment</u>, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962)(emphasis added).

**10**

>limited exception to the exhaustion doctrine, and that substantive issues regarding whether a change in placement had occurred and whether that denied the student a free appropriate public education ("FAPE") needed to be resolved by the administrative tribunal in the first instance. *Cole*, supra, 954 F. Supp. at 1221.

(Doc. 21 at 2-3.) CUSD also suggests that the entire rationale underlying those cases that justify giving a district court jurisdiction over stay put petitions prior to the exhaustion of administrative remedies <u>is inapplicable in California</u>, where "hearing officers routinely entertain motions for stay put during the pendency of due process proceedings. *See, e.g., Ocean View Elem. Sch. Dist.*, SN 1593-00, November 3, 2000, 102 LRP 3252; Tehachapi Unif. Sch. Dist., SN 04-00242, February 13, 2004, 41 IDELR 20, 104 LRP 13295 (Appendix of Foreign Authorities, Exs 1 and 2)." (Doc. 21 at 3.)[3] CUSD further argues:

>Moreover, the rationale is particularly thin in this case where the plaintiff cannot expect to get a speedy determination on stay put by filing his declaratory relief action. <u>The entire purpose for plaintiff's declaratory relief claim is to obtain a ruling on whether the District has breached the agreement, such that the agreement's stay put provisions are no longer binding on the parties. This determination will come at the end of a trial or upon a dispositive motion. The motion for stay put that plaintiff claims he will file would only be filed, if at all, after the Court has made a final determination on the merits of the declaratory relief claim</u>. Thus, it is logically impossible for such a stay put motion to retroactively confer jurisdiction over the plaintiff's declaratory relief claim.

(Doc. 21 at 3.)

//

//

---

[3] Notably, CUSD cites no Ninth Circuit authority in support of this proposition.

**11**

CUSD's arguments regarding futility are persuasive. Nevertheless, it is impossible to determine in the abstract whether any of these arguments will ultimately operate to bar Plaintiff's proposed stay put claim. In view of the liberal policy favoring amendment and because unintended delay by the court in issuing this ruling should not prejudice either party, Plaintiff is granted leave to amend his complaint.

### IV.   CONCLUSION

For the reasons set forth above, CUSD's motion to dismiss is **GRANTED WITH LEAVE TO AMEND.** Any amendment shall be filed with twenty (20) days following the date of service of this decision.

**SO ORDERED**

**DATED: September 15, 2006**

                                             /s/ Oliver W. Wanger
                                             **OLIVER W. WANGER**
                               **United States District Judge**